A. W. Hawkins, Inc. v. Commissioner.
A. W. Hawkins, Inc. v. Commissioner
Docket No. 104170.
United States Tax Court
1943 Tax Ct. Memo LEXIS 404; 1 T.C.M. (CCH) 760; T.C.M. (RIA) 43125; March 16, 1943
*404 Glenn F. Morgan, Esq., for the petitioner. E. L. Corbin, Esq., for the respondent. STERNHAGEN Memorandum Opinion STERNHAGEN, Judge: The Commissioner determined deficiencies of $630.26 and $274.66 in petitioner's income tax for the fiscal years ended June 30, 1938, and June 30, 1939, and of $326.31 and $112.18, respectively, in excess-profits tax; also percentage additions of $226.24 and $109.63 for failure to file returns on time. Fraud additions were withdrawn by respondent at the trial. The petitioner filed no returns on September 15, 1938, and September 15, 1939, the dates when by statute they were due, and and the failure is not shown to be due to reasonable cause, so the 25 per cent additions were properly determined. After the due dates petitioner prepared returns and when the revenue agent arrived to examine its accounts and advised petitioner of its failure to file returns, they were given to him as already prepared. He examined the books and accepted the returns, which, although they have not been filed with the collector, have been treated by the Commissioner as filed. These returns were prepared by the bookkeeper regularly employed by petitioner. The figures shown thereon *405 were used by the Commissioner as the basis for tax, and a deficiency was determined for each year in the amount indicated. The petitioner now assails the deficiency on the ground that these figures are incorrect, although its counsel frankly admits that because of the unavailability of some of its accounting records it is unable to prove by competent evidence the correct component figures of its net income. Much of the evidence was directed to the amount of the deductions to be allowed for compensation to the president. According to the president's testimony, the corporation by resolution authorized an annual salary to him of $6,000. On the returns a deduction appeared of $2,666.49 in 1938, and $3,280.08 in 1939, and the taxpayer suggests that these deductions should be greater. The evidence, however, does not establish the payment of greater amounts, and since the returns expressly say that the accounts were kept on a cash basis the amounts of the deductions are limited to the amounts actually paid. The evidence is not sufficiently definite to support findings, either direct or inferential, which would justify a modification of the facts upon which the deficiency is based. In the *406 deficiency notice no addition was made for negligence. In the answer, however, the respondent alleges: In the event the Board should find from the evidence that the petitioner was not guilty of fraud for the taxable years ended June 30, 1938, and June 30, 1939, or that none of the deficiencies were due to fraud with intent to evade tax, but that part of the deficiency for either of the years ended June 30, 1938, or June 30, 1939, was due to negligence or intentional disregard of rules or regulations, then the Board should find the taxpayer guilty of such negligence and the appropriate penalty should be asserted. Since the respondent withdrew the claim for the fraud addition at the opening of the trial, no evidence was directed to that point and the Court could not properly "find from the evidence" that petitioner was or was not "guilty of fraud." The claim for the negligence penalty is pleaded only as an alternative to a finding "that petitioner was not guilty of fraud." It was not pleaded as an absolute proposition on its merits and the evidence was not directed at the substantive question of whether the deficiency was due to negligence. In this state of the record it is fair to *407 say that the subsidiary claim for the negligence addition fell with the withdrawal of the claim for the fraud addition and no percentage addition for alleged negligence can be made. James Nicholson, 32 B.T.A. 977. The deficiencies in income and excessprofits tax are sustained together with additions for failure to file returns. The 50 per cent addition and the 5 per cent negligence addition may not be added. Decision will be entered under Rule 50.